| Home ▽ | Cases ▽ | Parties ▽ | Search ▽ | Reports ▽ | Letters ▽ | Maintenance ▽ | Calendar ▽ |
| Support | 5 New EFilings | Logout |

## View All Events

- New Case
- View/Edit Case
- Respondent
- Petitioner
- Other Party
- Other Primary Party
- Attorney
- Bond
- Cash Bond
- Court Registry
- Child Support
- Events
- Court Setting
- Fee/Fine
- Installments
- Payment
- Bill of Cost
- Preliminary Court Costs
- Case Summary Report

Cause Number: **32780**
Court: **63rd District Court**
Case Type(s) / Re-Opens  Action Date
1. Debt/Contract - Consumer/DTPA    09/06/2016
Style: **ROBERT M. RICHARDS VS. ALLSTATE INDEMNITY COMPANY, RICK GONZALEZ AND TODD CURTIS**

File Location: **9/13/16 P (SLG)**
Case Id: **27818**
Disposition Date
Filing Date: **09/06/2016**
Disposition Type

**EXHIBIT B**

Enter another Event

View all [ select all ▽ ] [ Select ]

Publish PDF document from multiple images.

### All Events

| # | Type | Date | Description | Image | Pages | Vol/Page | Sealed |
|---|---|---|---|---|---|---|---|
| 1. | ANSWER | 10/28/2016 | Richards-Allstate's Original Answer - EFiled on 10/28/2016 2:45 PM. Submitted by: Fatimah Muhammad (FMuhammad@thompsoncoe.com); Comments: | 670567.pdf | 2 | | No |
| 2. | SHERIFFS RETURN | 10/25/2016 | SHERIFF'S RETURN/SRVD-CIT: TODD CURTIS (10/20/16 @ 7:35 P.M.) EFiled on 10/25/2016 7:17 AM. Submitted by: Eloy Bravo (bravo7261@satx.rr.com) | 669898.pdf | 1 | | No |
| 3. | SHERIFFS RETURN | 10/25/2016 | SHERIFF'S RETURN/SRVD-CIT: RICK GONZALEZ (10/20/16 @ 6 P.M.) EFiled on 10/25/2016 7:08 AM. Submitted by: Eloy Bravo (bravo7261@satx.rr.com) | 669897.pdf | 1 | | No |
| 4. | SHERIFFS RETURN | 10/13/2016 | SHERIFF'S RETURN/SRVD-CIT: ALLSTATE INDEMNITY CO., c/o CT CORP SYSTEM (10/07/16 @ 9:32 A.M.) EFiled on 10/13/2016 5:57 AM. Submitted by: Eloy Bravo (bravo7261@satx.rr.com) | 668758.pdf | 2 | | No |
| 5. | CITATION ISSUED | 09/13/2016 | CIT ISSUED: RICK GONZALEZ (PP) | 665962.tif | 1 | | No |
| 6. | CITATION ISSUED | 09/13/2016 | CIT ISSUED: TODD CURTIS (PP) | 665961.tif | 1 | | No |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 7. | CITATION ISSUED | 09/13/2016 | CIT ISSUED: ALLSTATE INDEMNITY CO. c/o CT CORP SYSTEM (PP) | 665960.tif | 1 | | No |
| 8. | CERTIFICATE | 09/06/2016 | JURY DEMAND CERTIFICATE (PD. BY PLTF) | 665939.tif | 1 | | No |
| 9. | REQUEST | 09/06/2016 | REQ FOR ISSUANCE OF CITATIONS | 665938.tif | 1 | | No |
| 10. | INFORMATION | 09/06/2016 | CIVIL CASE INFO SHEET - EFiled on 09/06/16 @ 9:13 AM. Submitted by: Jennifer Solis | 665934.tif | 1 | | No |
| 11. | ORIGINAL PETITION | 09/06/2016 | PLTF'S ORIG PETITION - EFiled on 09/06/2016 9:13 AM. Submitted by: Jennifer Solis (jennifer@krwlawyers.com); Comments: We will be mailing a copy of the file-stamped copy of Plaintiff\'s Original Petition, along with a pre-paid stamped envelope for the return of the citation. We will perfect service by private process. | 665352.tif | 15 | | No |

User: sandy - Sandy Garcia (deputy)   Val Verde County District Clerks   session: 61530DC8F338BF4969A2600AB0B3D33B

COPY

Filed 9/6/2016 9:13:34 AM
Jo Ann Cervantes, District Clerk
Val Verde County, Texas
Sandy Garcia

CAUSE NO. **32780**

| | | |
|---|---|---|
| ROBERT M. RICHARDS | § § § § | IN THE DISTRICT COURT |
| V. | § § | 63RD JUDICIAL DISTRICT |
| ALLSTATE INDEMNITY COMPANY, RICK GONZALEZ AND TODD CURTIS | § § § § | VAL VERDE COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff ROBERT M. RICHARDS, files this Original Petition against ALLSTATE INDEMNITY COMPANY ("ALLSTATE" or the "INSURANCE DEFENDANT"), RICK GONZALEZ ("GONZALEZ" or "ADJUSTER DEFENDANT(S)" or herein collectively as "DEFENDANTS") and TODD CURTIS ("CURTIS" or "ADJUSTER DEFENDANT(S)" or herein collectively as "DEFENDANTS") and in support thereof, would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES AND SERVICE

Plaintiff resides in Bexar, Texas.



EXHIBIT B-1

1

Defendant ALLSTATE is in the business of insurance in the State of Texas. The insurance business done by INSURANCE DEFENDANT in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiff;
- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;
- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and
- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

This defendant may be served with personal process, by a process server, by serving its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas, 75201, or wherever else it may be found.

Defendant, TODD CURTIS, is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process via personal service at, 8473 Emerald Circle, North Richland Hills, Texas, 76180 or wherever else he may be found.

Defendant, RICK GONZALEZ, is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process via personal service at, 8914 Magnolia Vale, Granbury, Texas, 76049, or wherever else he may be found.

### III.
### JURISDICTION AND VENUE

Venue is appropriate in Val Verde County, Texas because all or part of the conduct giving rise to the causes of action were committed in Val Verde County, Texas and the Plaintiff and property which is the subject of this suit is located in Val Verde County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

## IV.
## FACTS

Plaintiff is the owner of a Texas Landlord's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by INSURANCE DEFENDANT.

Plaintiff owns the insured property, which is specifically located at 1711 San Pedro, Del Rio, Texas 78840 (hereinafter referred to as "the Property").

INSURANCE DEFENDANT sold the Policy insuring the Property to Plaintiff.

On or about February 23, 2016 and during the terms of said Policy, Plaintiff sustained covered losses in the form of wind and/or hail damage and damages resulting therefrom, and Plaintiff timely reported same pursuant to the terms of the Policy. Plaintiff asked that INSURANCE DEFENDANT cover the cost of repairs to the Property pursuant to the Policy. INSURANCE DEFENDANT failed to conduct a full, fair and adequate investigation of Plaintiff's covered damages.

As detailed in the paragraphs below, INSURANCE DEFENDANT wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, INSURANCE DEFENDANT failed to pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff.

To date, INSURANCE DEFENDANT continues to delay in the payment for the damages to the Property.

INSURANCE DEFENDANT failed to perform its contractual duty to adequately compensate Plaintiff under the terms of their Policy. Specifically, INSURANCE DEFENDANT refused to pay the full proceeds of the Policy after its agent, ADJUSTER DEFENDANT conducted an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions

precedent to recovery under the Policy have been carried out and accomplished by Plaintiff. INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff.

Pleading further, INSURANCE DEFENDANT misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. INSURANCE DEFENDANT'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT failed to explain to Plaintiff any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. Furthermore, INSURANCE DEFENDANT did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. INSURANCE DEFENDANT conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Further, INSURANCE DEFENDANT failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claim and, to date, Plaintiff has not received full payment for the claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

From and after the time Plaintiff's claim was presented to INSURANCE DEFENDANT, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

Additionally, INSURANCE DEFENDANT knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

Because of INSURANCE DEFENDANT'S wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

V.

## CAUSES OF ACTION AGAINST INSURANCE DEFENDANT

### A. BREACH OF CONTRACT

INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff. Defendant's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### B. NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

#### 1. UNFAIR SETTLEMENT PRACTICES

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### 2. THE PROMPT PAYMENT OF CLAIMS

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

INSURANCE DEFENDANT'S failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

INSURANCE DEFENDANT'S failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT'S delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### C. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

INSURANCE DEFENDANT'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VI.
## CAUSES OF ACTION AGAINST ADJUSTER DEFENDANTS

### A.   NONCOMPLIANCE WITH TEXAS INSURANCE CODE

Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, CURTIS AND GONZALEZ, the ADJUSTER DEFENDANTS, were engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of the ADJUSTER DEFENDANTS and their agents constitute one or more violations of the Texas Insurance Code. More specifically, the ADJUSTER DEFENDANTS have, among other violations, violated the following provisions of the Code:

1. Insurance Code § 542.003(b)(5) and 28 TAC 21.203(5).

2. Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle the claim with respect to another portion of the policy;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

- refusing to affirm or deny coverage within a reasonable time;

- refusing to conduct a reasonable investigation;

8

- ignoring damage known to be covered by the Policy; and/or

- conducting an outcome-oriented investigation in order to provide INSURANCE DEFENDANT with a basis to underpay the claim.

The foregoing paragraphs are incorporated herein. The INSURANCE DEFENDANT assigned the loss and the claim to RICK GONZALEZ AND TODD CURTIS who was at all pertinent times the agent of the INSURANCE DEFENDANT, through both actual and apparent authority. The acts, representations and omissions of the ADJUSTER DEFENDANTS are attributed to the INSURANCE DEFENDANT.

GONZALEZ inspected Plaintiff's property on or about May 1, 2016. During the inspection, ADJUSTER DEFENDANT was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of and then quantifying all of the damage done to Plaintiff's property. During the inspection, GONZALEZ ignored covered damages to the Property and refused to address all of the damages caused by the loss. Specifically, Gonzalez, ignored covered damages including but not limited to the roof and garage door. Subsequent to the inspection, GONZALEZ prepared a repair estimate, completed on or about May 09, 2016, which vastly under-scoped the actual covered damages to the property, thus demonstrating GONZALEZ did not conduct a thorough investigation of the claim.

CURTIS reinspected Plaintiff's property on or about July 7, 2016. During the reinspection, CURTIS was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of and then quantifying all of the damage done to Plaintiff's property. During the inspection, CURTIS ignored covered damages to the Property and refused to address all of the damages caused by the loss. Specifically, Curtis, ignored

covered damages including but not limited to the roof and garage door. Subsequent to the inspection, CURTIS prepared a repair estimate, completed on or about July 07, 2016, which vastly under-scoped the actual covered damages to the property, thus demonstrating CURTIS did not conduct a thorough investigation of the claim.

Despite having been assigned the claim, and despite being given authority and instructions to inspect, adjust and evaluate the claim, the ADJUSTER DEFENDANTS failed and refused to properly adjust the claim. The ADJUSTER DEFENDANTS failed to properly inspect the property and the damages, failed to request information, failed to adequately investigate the claim, failed to respond to requests for information from the Plaintiff, failed to timely evaluate the claim, failed to timely and properly estimate the claim, and failed to timely and properly report to the INSURANCE DEFENDANT and make recommendations to the INSURANCE DEFENDANT to address all the covered damages.

The Plaintiff provided information regarding the loss and the claim to the ADJUSTER DEFENDANTS. The Plaintiff allowed the ADJUSTER DEFENDANTS full and complete access to the property. The Plaintiff provided sufficient information to the ADJUSTER DEFENDANTS to adjust and evaluate the loss. The Plaintiff made inquiries regarding the status of the loss and payment, but the ADJUSTER DEFENDANTS failed and refused to respond to the inquiries and failed to properly adjust the claim and the loss. As a result of the ADJUSTER DEFENDANTS' inadequate and outcome-oriented investigation, to date, Plaintiff has not received full payment for the claim.

The ADJUSTER DEFENDANTS' actions were negligent, reckless, willful and intentional, and were the proximate and producing cause of damages to the Plaintiff.

Where statements were made by the ADJUSTER DEFENDANTS, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code.

## VII.
## KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by DEFENDANTS as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## VIII.
## DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of DEFENDANTS' mishandling of Plaintiff's claim in violation of the laws set forth above.

For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described

11

above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX.

In addition, as to any exclusion, condition, or defense pled by DEFENDANTS, Plaintiff would show that:

The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiff's claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the DEFENDANTS violate the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction violates Art. 17.50 of the Texas Business and Commerce Code and is unconscionable and is void as against public policy and was procured by fraudulent inducement;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

In the alternative, DEFENDANTS are judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

## X.
## REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that DEFENDANTS provide the information required in a Request for Disclosure.

## XI.
## FIRST REQUEST FOR PRODUCTION TO INSURANCE DEFENDANT

1) Produce the INSURANCE DEFENDANT's complete claim file (excluding all privileged portions) in your possession for Plaintiff's property relating to or arising out of any damages caused by the loss for which INSURANCE DEFENDANT opened a claim under the Policy. Please produce a privilege log for any portions withheld on a claim of privilege.

2) Produce all non-privileged emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the adjuster, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit.

3) Produce any complete claim file (excluding all privileged portions) in the INSURANCE DEFENDANT's possession for the Plaintiff/insured and/or for the Plaintiff's property as listed in the Plaintiff's Original Petition, relating to or arising out of any claim for damages which INSURANCE DEFENDANT opened a claim

under any policy. Please produce a privilege log for any portions withheld on a claim of privilege.

## XII.
## FIRST REQUEST FOR PRODUCTION TO ADJUSTER DEFENDANT GONZALEZ

1) Produce ADJUSTER DEFENDANT's complete claim or adjusting file for Plaintiff's property. Please produce a privilege log for any portions withheld on a claim of privilege.

2) Produce all emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the ADJUSTER DEFENDANT, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit. This includes any correspondence or communications related to the Plaintiff's property, whether related to this claim or any other claim in the INSURANCE DEFENDANT'S possession. Please produce a privilege log for any items withheld on a claim of privilege.

## XIII.
## FIRST REQUEST FOR PRODUCTION TO ADJUSTER DEFENDANT CURTIS

1) Produce ADJUSTER DEFENDANT's complete claim or adjusting file for Plaintiff's property. Please produce a privilege log for any portions withheld on a claim of privilege.

2) Produce all emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the ADJUSTER DEFENDANT, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit. This includes any correspondence or communications related to the Plaintiff's property, whether related to this claim or any other claim in the INSURANCE DEFENDANT'S possession. Please produce a privilege log for any items withheld on a claim of privilege.

## XIV.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief, the maximum of which is over $100,000 but not more than $200,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also

seeks pre-judgment and post-judgment interest at the highest legal rate.

## XV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that DEFENDANTS be cited to appear and answer herein; that, on final hearing, Plaintiff have judgment against DEFENDANTS for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against the INSURANCE DEFENDANT, to which Plaintiff may be justly entitled.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:    (210) 490-7402
Facsimile:    (210) 490-8372

BY:    /s/Kevin S. Baker
       Kevin S. Baker
       State Bar No. 00797799
       kevin@krwlawyers.com
       Michelle C. Le
       State Bar No. 24085427
       michellel@krwlawyers.com

ATTORNEYS FOR PLAINTIFF

**PLAINTIFF REQUESTS A TRIAL BY JURY**

## CITATION PERSONAL SERVICE

**THE STATE OF TEXAS**  Cause No. **32780**

ROBERT M. RICHARDS, Plaintiff
VS.
ALLSTATE INDEMNITY COMPANY, RICK GONZALEZ AND § 
TODD CURTIS, Defendants §

IN THE 63RD DISTRICT COURT

OF

VAL VERDE COUNTY, TEXAS

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you."

TO: **ALLSTATE INDEMNITY COMPANY, BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM**, 1999 Bryan Street, Suite 900, Dallas, Dallas County, Texas 75201; Defendant - GREETINGS:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition (with Discovery) at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable 63rd JUDICIAL DISTRICT Court of Val Verde County, at the Courthouse, 100 E. Broadway, 2nd Floor, in said County in Del Rio, Texas. Said Plaintiff's Original Petition (with Discovery) was filed in said court on the day of 6th day of September, 2016 in the above entitled cause.
The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiffs' Original Petition (with Discovery) accompanying this citation and made a part thereof.

Issued and given under my hand and seal of said Court at Del Rio, Texas this 13th day of August, 2016.

Attorney for Plaintiff (or Plaintiff)
Kevin S. Baker
KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232

Clerk of the Court:
**JO ANN CERVANTES, DISTRICT CLERK**
63rd & 83rd District Courts
Val Verde County, Texas
P.O. Box 1544
Del Rio, Texas 78841-1544

By: _Sandy L Garcia_
Deputy

EXHIBIT B-2

### OFFICER'S RETURN

Came to hand on the ____ day of _____ 2016 at _____ o'clock ___M. and executed the ____ day of _____, 2016 by delivering to defendant _____ in person, a true copy of this citation with a copy of the petition attached thereto at _____ o'clock ___.M. at _____ in _____ County, Texas.

[ ] Not executed. The diligence use in finding defendant being_____

[ ] Information received as to the whereabouts of defendant being_____

Fees .......... $_____

_____ Sheriff/Constable
_____ County, Texas

Service I.D. No. _____

By: _____
Deputy/Authorized Person

### VERIFICATION

On this day personally appeared _____ known to me to be the person whose name i subscribed on the foregoing instrument and who has stated: upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure. I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Val Verde County Courts to serve process.

Subscribed and sworn to before me on this the_____ day of _____, 2016.

_____, Notary Public

CAUSE NO. 32780

| | | |
|---|---|---|
| ROBERT M. RICHARDS | § § § | IN THE DISTRICT COURT |
| *Plaintiff,* | § § | |
| vs. | § § | 63RD JUDICIAL COURT |
| ALLSTATE INDEMNITY COMPANY, RICK GONZALEZ AND TODD CURTIS | § § § | |
| *Defendants.* | § § | VAL VERDE COUNTY, TEXAS |

## DEFENDANT ALLSTATE INDEMNITY COMPANY'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ALLSTATE INDEMNITY COMPANY ("Defendant") and files this, its Original Answer and would respectfully show as follows:

### I. ORIGINAL ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiff's Original Petition, and demand strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### II. REQUEST FOR DISCLOSURE

Under Rule 194, Defendant Allstate Indemnity Company requests that within 30 days of the service of this request, Plaintiff discloses the information or material described in Rule 194.2.

### III. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Indemnity Company prays that upon final trial and hearing hereof, Plaintiff recovers nothing from Defendant, but



EXHIBIT B-3

**DEFENDANT ALLSTATE INDEMNITY COMPANY'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION - PAGE 1**
2579660v1
03646.

Defendant goes hence without delay and recovers costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.

Respectfully submitted,

By:   /s/Roger D. Higgins
      Roger D. Higgins
      State Bar. No. 09601500
      Travis M. Brown
      State Bar No. 24061890

THOMPSON, COE, COUSINS & IRONS, L.L.P.
Plaza of the Americas, 700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8268
Facsimile: (214) 871-8209
Email: tbrown@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT
ALLSTATE INDEMNITY COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that on the 28th day of October, 2016, a true and correct copy of the foregoing document was delivered to all counsel of record in accordance with the Texas Rules of Civil Procedure as follows:

Kevin S. Baker
kevin@krwlawyers.com
Michelle C. Le
michellel@krwlawyers.com
Ketterman Rowland & Westlund
16500 San Pedro, Suite 302
San Antonio, TX 78232
Telephone: (210) 490-7402
Facsimile: (210) 490-8372

*Counsel for Plaintiff*

/s/Travis M. Brown
Travis M. Brown