**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**DEL RIO DIVISION**

| | | |
|---|---|---|
| **ROBERT M. RICHARDS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 2:16-CV-177** |
| | § | |
| **ALLSTATE INDEMNITY COMPANY,** | § | |
| **RICK GONZALEZ AND TODD** | § | |
| **CURTIS,** | § | |
| | § | |
| **Defendants.** | § | |

---

**TODD CURTIS' ORIGINAL ANSWER TO**
**PLAINTIFF'S ORIGINAL STATE COURT PETITION**

---

TO THE HONORABLE COURT:

NOW COMES Defendant Todd Curtis ("Curtis") and files this Answer to Plaintiff Robert M. Richards' state court Original Petition (the "Petition"), and would respectfully show the Court the following.

**I.**
**DISCOVERY CONTROL PLAN LEVEL**

As Defendant Allstate Indemnity Company ("Allstate") removed this case to federal court, no response is required to the averment in paragraph 1 of the Petition.

**II.**
**PARTIES AND SERVICE**

1.      Curtis assumes, but does not know, that Plaintiff resides in Bexar, Texas. Therefore, admit.

2.      Section II, paragraph 2 of the Petition contains no averments against Curtis, therefore no response is required. To the extent a response is required, deny.

3.      Section II, paragraph 3 of the Petition contains no averments against Curtis, therefore no response is required. To the extent a response is required, deny.

4.      Section II, paragraph 4 of the Petition contains no averments against Curtis, therefore no response is required. To the extent a response is required, deny.

5.      Section II, paragraph 5 of the Petition contains no averments against Curtis, therefore no response is required. To the extent a response is required, deny.

6.      Section II, paragraph 6 of the Petition contains no averments against Curtis, therefore no response is required. To the extent a response is required, deny.

7.      Section II, paragraph 7 of the Petition contains no averments against Curtis, therefore no response is required. To the extent a response is required, deny.

8.      Curtis admits he resides in Texas, as alleged in Section II, paragraph 8 of the Petition.

9.      Section II, paragraph 9 of the Petition contains no averments against Curtis, therefore no response is required. To the extent a response is required, deny.

### III.
### JURISDICTION AND VENUE

10.     As Defendant Allstate removed this case to federal court, Curtis denies that venue is appropriate in Val Verde County, Texas.

11.     As Defendant Allstate removed this case to federal court, no response is required to the averment in Section III, paragraph 2 of the Petition.

### IV.
### FACTS

12.     Curtis admits that Plaintiff was the policy holder of a Texas Landlord's Insurance Policy issued by Defendant Allstate, as alleged in Section IV, paragraph 1 of the Petition.

13.     Curtis admits that Plaintiff owned the subject property, as alleged in Section IV, paragraph 2 of the Petition.

14.     Section IV, paragraph 3 of the Petition contains no averments against Curtis, therefore no response is required. To the extent a response is required, deny.

15.     Section IV, paragraph 4 of the Petition contains no averments against Curtis, therefore no response is required. To the extent a response is required, deny.

16.     Section IV, paragraph 5 of the Petition contains no averments against Curtis, therefore no response is required. To the extent a response is required, deny.

17.     Section IV, paragraph 6 of the Petition contains no averments against Curtis, therefore no response is required. To the extent a response is required, deny.

18.     Section IV, paragraph 7 of the Petition contains no averments against Curtis, therefore no response is required. To the extent a response is required, deny.

19.     Curtis denies that he conducted an outcome-oriented investigation, as alleged in Section IV, paragraph 8 of the Petition.  The remainder of Section IV, paragraph 8 of the Petition contains no averments against Curtis, therefore no response is required. To the extent a response is required to the remaining allegations, deny.

20.     Section IV, paragraph 9 of the Petition contains no averments against Curtis, therefore no response is required. To the extent a response is required, deny.

21.     Section IV, paragraph 10 of the Petition contains no averments against Curtis, therefore no response is required. To the extent a response is required, deny.

22.     Section IV, paragraph 11 of the Petition contains no averments against Curtis, therefore no response is required. To the extent a response is required, deny.

23.     Section IV, paragraph 12 of the Petition contains no averments against Curtis, therefore no response is required. To the extent a response is required, deny.

24.     Section IV, paragraph 13 of the Petition contains no averments against Curtis, therefore no response is required. To the extent a response is required, deny.

25.     Section IV, paragraph 14 of the Petition contains no averments against Curtis, therefore no response is required. To the extent a response is required, deny.

26.     Section IV, paragraph 15 of the Petition contains no averments against Curtis, therefore no response is required. To the extent a response is required, deny.

27.     Section IV, paragraph 16 of the Petition contains no averments against Curtis, therefore no response is required. To the extent a response is required, deny.

28.     Section IV, paragraph 17 of the Petition contains no averments against Curtis, therefore no response is required. To the extent a response is required, deny.

## V.
## CAUSES OF ACTION AGAINST INSURANCE DEFENDANT

29.     Section V of the Petition contains no averments against Curtis, therefore no response is required. To the extent a response is required to any of the allegations in Section V of the Petition, deny.

## VI.
## CAUSES OF ACTION AGAINST ADJUSTER DEFENDANTS

**A.     NONCOMPLIANCE WITH TEXAS INSURANCE CODE**

30.     As to Plaintiff's allegation in Section VI, paragraph 1 of the Petition that "at all pertinent times, [Curtis was] engaged in the business of insurance as defined by the Texas Insurance Code," Curtis admits that he was a licensed adjuster adjusting claims in the State of Texas during the time of the events forming the basis of this lawsuit, but denies any further

implications of this allegation. Curtis further denies that any act or omission violated any section of the Texas Insurance Code, as alleged in Section VI, paragraph 1 of the Petition.

31.     The allegations in Section VI, paragraph 2 of the Petition are, in fact, legal conclusions, therefore no response is required. To the extent a response is required, Curtis denies that any act or omission constituted a violation of Insurance Code § 5423.003(b)(5) and 28 TAC 21.203(5), as alleged in Section VI, paragraph 2 of the Petition.

32.     The allegations in Section VI, paragraph 3 of the Petition are, in fact, legal conclusions, therefore no response is required. To the extent a response is required, Curtis denies that any act or omission constituted a violation of Chapter 541, Section 541.060 of the Texas Insurance Code, as alleged in Section VI, paragraph 3 of the Petition.

33.     Curtis denies that he misrepresented one or more material facts and/or policy provisions relating to coverage as alleged in Section VI, paragraph 4 of the Petition.

34.     Curtis denies that he failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability has become reasonably clear as alleged in Section VI, paragraph 5 of the Petition.

35.     Curtis denies that he failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle the claim with respect to another portion of the policy as alleged in Section VI, paragraph 6 of the Petition.

36.     Curtis denies that he failed to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiffs claims as alleged in Section VI, paragraph 7 of the Petition.

37.     Curtis denies that he refused to affirm or deny coverage within a reasonable time as alleged in Section VI, paragraph 8 of the Petition.

38.     Curtis denies that he refused to conduct a reasonable investigation as alleged in Section VI, paragraph 9 of the Petition.

39.     Curtis denies that he ignored damage known to be covered by the Policy as alleged in Section VI, paragraph 10 of the Petition.

40.     Curtis denies that he conducted an outcome-oriented investigation in order to provide Defendant Allstate with a basis to underpay the claim as alleged in Section VI, paragraph 11 of the Petition.

41.     Curtis admits that he was adjusting a claim on behalf of Defendant Allstate at the time of the events forming the basis of this lawsuit. The remainder of the allegations in Section VI, paragraph 12 are, in fact, legal conclusions, therefore no response is required. To the extent a response is required to the remainder of the allegations in Section VI, paragraph 12 of the Petition, deny.

42.     Section VI, paragraph 13 of the Petition contains no averments against Curtis, therefore no response is required. To the extent a response is required, deny.

43.     Curtis admits that he inspected Plaintiff's property on or about July 7, 2016, as alleged in the first sentence of Section VI, paragraph 14 of the Petition. Curtis admits that his responsibilities with respect to the claim included determining the cause and extent of damage to Plaintiff's property, but to the extent that the second sentence of Section VI, paragraph 14 of the Petition implies that Curtis did not conduct a reasonable investigation, that allegation is denied. Curtis denies that he ignored covered damages to the property as alleged in the third sentence of Section VI, paragraph 14 of the Petition. Curtis further denies that he ignored covered damage to

the roof and garage door as alleged in the fourth sentence of Section VI, paragraph 14 of the Petition. Curtis admits he prepared a repair estimate but denies the remainder of the allegations in the fifth sentence of Section VI, paragraph 14 of the Petition.

44.    Curtis denies the allegations in Section VI, paragraph 15 of the Petition.

45.    Curtis admits he was permitted access to the property to complete the inspection but denies the remainder of the allegations in Section VI, paragraph 16 of the Petition.

46.    The allegations in Section VI, paragraph 17 of the Petition are, in fact, legal conclusions, therefore no response is required. To the extent a response is required, deny.

47.    The allegations in Section VI, paragraph 18 of the Petition are, in fact, legal conclusions, therefore no response is required. Further, Curtis has insufficient information to either admit or deny whether Plaintiff relied upon any statement by Curtis. To the extent a response to any of the remaining allegations in Section VI, paragraph 18 of the Petition is required, deny.

## VII.
## KNOWLEDGE

48.    The allegations in Section VII, paragraph 1 of the Petition are, in fact, legal conclusions, therefore no response is required. To the extent a response is required, deny.

## VIII.
## DAMAGES

49.    The allegations regarding Plaintiff's entitlement to certain measures of damages in Section VII are, in fact, legal conclusions, therefore no response is required. Curtis, however, denies that Plaintiff is entitled to any of the relief described in Section VIII of the Petition. To the extent a specific response to any of the allegations in Section VIII of the Petition is required, deny.

**IX.**

50.     The allegations in Section IX of the Petition are, in fact, legal conclusions, therefore no response is required. To the extent a response is required, deny.

**X.**
**REQUEST FOR DISCLOSURES**

51.     As Defendant Allstate removed this case to Federal Court, the Texas discovery rules no longer apply, and no response to Plaintiff's requests is required.

**XI.**
**FIRST REQUEST FOR PRODUCTION TO INSURANCE DEFENDANT**

52.     As Defendant Allstate removed this case to Federal Court, the Texas discovery rules no longer apply, and no response to Plaintiff's requests is required.

**XII.**
**FIRST REQUEST FOR PRODUCTION TO ADJUSTER DEFENDANT GONZALEZ**

53.     As Defendant Allstate removed this case to Federal Court, the Texas discovery rules no longer apply, and no response to Plaintiff's requests is required.

**XIII.**
**FIRST REQUEST FOR PRODUCTION TO ADJUSTER DEFENDANT CURTIS**

54.     As Defendant Allstate removed this case to Federal Court, the Texas discovery rules no longer apply, and no response to Plaintiff's requests is required.

**XIV.**
**PRAYER**

55.     Curtis denies that Plaintiff is entitled to any of the relief prayed for in Section XIV of the Petition.

Respectfully submitted,

*/s/ Travis M. Brown*
    Travis M. Brown
    State Bar No.  24061890
    tbrown@thompsoncoe.com
    Roger D. Higgins
    State Bar No.  09601500, IL 6182756
    rhiggins@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:      (214) 871-8200
Fax:           (214) 871-8209

ATTORNEYS FOR DEFENDANT
ALLSTATE INDEMNITY COMPANY

## CERTIFICATE OF SERVICE

    This is to certify that on November 14, 2016, a copy of this document was served to all Counsel of Record via electronic notice and/or certified mail, return receipt requested to:

    Kevin S. Baker
    kevin@krwlawyers.com
    Michelle C. Le
    michellel@krwlawyers.com
    KETTERMAN ROWLAND & WESTLUND
    16500 San Pedro, Suite 302
    San Antonio, Texas 78232
    Phone:  210.490.4357
    Fax:    210.490.8372

                                */s/ Travis M. Brown*
                                  Travis M. Brown